## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

LAWSON SOFTWARE, INC., and LAWSON  )
SOFTWARE AMERICAS, INC.,          )
                                  )
            Plaintiffs,           )
                                  )   C.A. No. _____
      v.                          )
                                  )   **JURY TRIAL DEMANDED**
WEBVENTION HOLDINGS LLC,          )
and WEBVENTION LLC,               )
                                  )
            Defendants.           )

### COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs Lawson Software, Inc. and Lawson Software Americas, Inc. (collectively "Lawson") file this complaint for declaratory judgment against Defendants Webvention Holdings LLC and Webvention LLC (collectively "Webvention") and allege as follows:

### THE PARTIES

1.      Lawson Software, Inc. and Lawson Software Americas, Inc. are both Delaware corporations and have a principal place of business at 380 Saint Peter Street, Saint Paul, Minnesota 55102.

2.      Webvention Holdings LLC is a Delaware limited liability company and is the parent company of Webvention LLC. Webvention Holdings LLC can be served with process through its registered business agent Business Filings Incorporated, 108 West 13th Street, Wilmington, Delaware 19801.

3.      Webvention LLC is wholly owned by Webvention Holdings LLC and is a Texas limited liability company with its principal place of business at 505 East Travis Street, Suite 209, Marshall, Texas 75670. Webvention LLC can be served with process through its registered agent Capitol Corporate Services, Inc., 800 Brazos Street, Suite 400, Austin, Texas 78701.

4.      Webvention LLC is the alleged owner and assignee of U.S. Patent No. 5,251,294 ("'294 Patent") entitled "Accessing, assembling, and using bodies of information," which issued October 5, 1993. A true and correct copy of the '294 Patent is attached hereto as Exhibit A.

5.      According to the Certificate of Formation of Webvention LLC, dated November 3, 2009, Webvention Holdings LLC is the manager of Webvention LLC.

6.      According to the Agreement and Plan of Merger, dated November 9, 2009, through which, upon information and belief, Webvention LLC obtained the '294 Patent, Webvention Holdings LLC is the agent of Webvention LLC.

7.      According to the Agreement and Plan of Merger, "Webvention Holdings LLC, a Delaware LLC is the sole member of each of the Constituent Companies" Ferrara Ethereal LLC and Webvention LLC.

8.      According to the Agreement and Plan of Merger, "As of the effective date of the merger Webvention Holdings LLC shall remain the sole member of the surviving company," Webvention LLC.

9.      Webvention Holdings LLC executed the Agreement and Plan of Merger as the only manager and member of Webvention LLC.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over the subject matter of this action pursuant to

28 U.S.C. §§ 1331 and 1338(a) because it involves substantial claims arising under the United

States Patent Act, 35 U.S.C. § 1 *et. seq.*

11.     This Court may declare the rights and other legal relations of the parties pursuant

to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202 because there is a case of

actual controversy within the Court's jurisdiction, allowing it to provide a declaratory judgment

that Lawson does not infringe the '294 Patent.

12.     Webvention Holdings LLC is subject to personal jurisdiction in Delaware because

Webvention Holdings LLC has submitted itself to the jurisdiction of courts in Delaware by virtue

of its incorporation under Delaware Law.

13.     Under information and belief, Webvention LLC is subject to personal jurisdiction

in Delaware because, *inter alia*, Webvention Holdings LLC, which is incorporated in Delware, is

the parent of Webvention LLC, is the agent of Webvention LLC, exercises control over

Webvention LLC, is the sole member Webvention LLC, and created Webvention LLC for the

purpose of owning and enforcing the '294 Patent.

14.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c).

## THE PRESENCE OF AN ACTUAL CONTROVERSY

15.     On September 17, 2010, Todd Schmidt of Webvention LLC sent a letter to Harry

Debes, the Chief Executive Officer of Lawson.  A copy of this letter is attached hereto as

Exhibit B.

16.     The September 17, 2010, letter stated that "[w]e have reviewed Lawson Software,

Inc's website at www.lawson.com, and have prepared the enclosed claim chart demonstrating

how the website utilizes claims 28, 37, and 40 of the '294 patent. The screen shots used in the charts are representative only. In addition to the charted claims, you should consider claims 29, 31-33, 41-44, 47, 53, 55, and 64. Depending on how the website was constructed, claims 1-8, 12-21, and 78 may also be utilized during the design and programming of the website, as well as other internal systems to organize and access information."

17.     The September 17, 2010, letter stated that "[f]or the next 45 days, Webvention is willing to license the '294 patent for a one-time, fully paid-up licensing fee of $80,000.00 for a non-exclusive, company-wide right to use Webvention's technology." The 45-day period expired November 1, 2010.

18.     The September 17, 2010, letter stated that Webvention has "retained The Davis Firm, P.C. (www.bdfirm.com) based in Longview, Texas, to assist the company in the licensing of the '294 patent."

19.     The September 17, 2010, letter stated that "Webvention Licensing LLC reserves all rights with regard to the '294 patent, including: (1) the right to seek damages anytime within the last six years that your company started to make use of Webvention's patented technology".

20.     On July 20, 2010, Webvention filed a lawsuit against 19 companies, alleging infringement of the '294 Patent. That case is styled *Webvention LLC v. Abercrombie & Fitch, Co., et al.,* Case No. 2:10-cv-253-TJW-CE and is pending in the Eastern District of Texas, Marshall Division, and Lawson is not a named party to the suit.

21.     Ten companies have filed suits in the District Court for the District of Delaware requesting declaratory judgment relief from Webvention's allegations of patent infringement. Those cases are styled *Novartis Corp. v. Webvention Holdings LLC and Webvention LLC,* Case No. 1:10-cv-793-GMS (filed Sept. 17, 2010); *Tenneco Automotive Operating Company, Inc. v.*

*Webvention Holdings LLC and Webvention LLC*, Case No. 1:10-cv-824-GMS (filed Sept. 28, 2010, subsequently dismissed); *Randstad Holding, N.V. v. Webvention Holdings LLC and Webvention LLC*, Case No. 1:10-cv-877-GMS (filed Oct. 13, 2010, subsequently dismissed); *TriMas Corp. v. Webvention Holdings LLC and Webvention LLC*, Case No. 1:10-cv-881-GMS (filed Oct. 14, 2010, subsequently dismissed); *Instinet Inc. v. Webvention Holdings LLC and Webvention LLC*, Case No. 1:10-cv-888-GMS (filed Oct. 15, 2010, subsequently dismissed); *American Apparel, Inc. v. Webvention Holdings LLC and Webvention LLC*, Case No. 1:10-cv-936-GMS (filed Nov. 1, 2010); *1-800 Contacts, Inc. v. Webvention Holdings LLC and Webvention LLC*, Case No. 1:10-cv-942-GMS (filed Nov. 3, 2010, subsequently dismissed); *Five Star Quality Care, Inc. v. Webvention Holdings LLC and Webvention LLC*, Case No. 1:10-cv-948-GMS (filed Nov. 5, 2010, subsequently dismissed); *Scholastic Inc. v. Webvention Holdings LLC and Webvention LLC*, Case No. 1:10-cv-966-GMS (filed Nov. 10, 2010); and *TA Operating LLC v. Webvention Holdings LLC and Webvention LLC*, Case No. 1:10-cv-993-PD (filed Nov. 19, 2010).

22.     On October 5, 2010, Webvention filed a lawsuit against 20 companies, alleging infringement of the '294 Patent. That case is styled *Webvention LLC v. Adidas America Inc., et al.,* Case No. 2:10-cv-410-DF and is pending in the Eastern District of Texas, Marshall Division , and Lawson is not a named party to the suit.

23.     Upon information and belief, Webvention LLC is solely a licensing entity, and without enforcement it receives no benefits from the '294 Patent.

24.     Upon information and belief, Webvention LLC was formed in Texas in an attempt to enforce the '294 Patent in the Eastern District of Texas, a forum widely-known to be preferred by patent owners.

25.     Therefore, an actual controversy exists between Lawson and Webvention with respect to whether Lawson's website www.lawson.com infringes the '294 Patent.

26.     Lawson reasonably believes that there is a substantial controversy between Lawson and Webvention of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**COUNT I**

**Declaratory Judgment of Noninfringement**

27.     The allegations of the preceding paragraphs are incorporated by reference as if fully set forth herein.

28.     Lawson's website www.lawson.com does not infringe any valid claim of the '294 Patent.

29.     The '294 Patent includes 15 independent claims: claims 1, 2, 22, 28, 58, 59, 64, and 70 through 77.

30.     Independent claims 1 and 74 of the '294 Patent recite "assembling said customized body of information in response to choices of information segments made by said user."

31.     Lawson's website www.lawson.com does not assemble a customized body of information in response to choices of information segments made by said user, according to any valid claim of the '294 Patent.

32.     Independent claims 2 and 75 of the '294 Patent recite "simultaneously while displaying said information content of a segment corresponding to a label to which the user is pointing, displaying information content for a segment corresponding to a label to which the user has previously pointed."

33.     Lawson's www.lawson.com website does not simultaneously display any information content for a segment corresponding to where a user is pointing and information content for a segment corresponding to a location to which the user had previously pointed, according to any valid claim of the '294 Patent.

34.     Independent claims 22 and 76 of the '294 Patent recite "adjusting the boundaries of at least one of said segments."

35.     Lawson's www.lawson.com website does not adjust the boundaries of any segments, according to any valid claim of the '294 Patent.

36.     Independent claims 28 and 77 of the '294 Patent recite "labels being displayed in an organized model reflecting relationships among information contents of said corresponding segments."

37.     Independent claim 58 of the '294 Patent recites "labels being arranged in an organized model reflecting relationships among corresponding said segments."

38.     Lawson's www.lawson.com website does not display or arrange any purported labels in an organized model reflecting relationships among information contents of said corresponding segments or among corresponding said segments, according to any valid claim of the '294 Patent.

39.     Independent claims 59 and 70 of the '294 Patent recite actions that must be taken "in response to a user requesting assistance in the course of using said program."

40.     Lawson's www.lawson.com website does not take any action in response to a user's request for assistance, nor does it allow for a user to request assistance, according to any valid claim of the '294 Patent.

41.     Independent claims 64 and 71 of the '294 Patent recite taking action "in response to user commands."

42.     Lawson's www.lawson.com website does not allow for a user to give commands, or to take any action in response to user commands, according to any valid claim of the '294 Patent.

43.     Independent claims 72 and 73 of the '294 Patent recite "altering the organization of the labels in accordance with a revision of said model in response to said second user."

44.     Lawson's www.lawson.com website does not allow altering the organization of any part of the website in response to a user, according to any valid claim of the '294 Patent.

45.     For these and other reasons, Lawson's www.lawson.com website does not infringe directly or indirectly any claim of the '294 Patent.

**COUNT II**

**Declaratory Judgment of Invalidity of the '294 Patent**

46.     Lawson hereby restates and re-alleges the allegations set forth in the above paragraphs and incorporates the allegations by reference.

47.     Upon information and belief, Lawson is not liable to Webvention for infringement of the '294 Patent for the reason that the '294 Patent is invalid. More specifically, the '2294 Patent is invalid for failure to comply with one or more of the conditions for patentability set forth in U.S.C. §§ 101, 102, 103, and 112.

48.     Upon information and belief, the '294 Patent is invalid for the reasons set forth in the Request for *Ex Parte* Re-Examination of the '294 Patent filed with the United States Patent and Trademark Office ("USPTO") and assigned control number 90/011,208 by the USPTO.

8

49.     Upon information and belief, the '294 Patent is invalid for the reasons set forth in the Request for *Ex Parte* Re-Examination of the '294 Patent filed with the United States Patent and Trademark Office ("USPTO") and assigned control number 90/011,229 by the USPTO.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Lawson prays that:

A.     The Court declare that Lawson does not infringe the '294 Patent;

B.     The Court declare one or more of the claims of the '294 Patent is invalid;

C.     The Court issue a permanent injunction prohibiting Webvention and anyone acting in privity or in concert with Webvention from charging infringement or instituting any legal action for infringement of the '294 Patent against Lawson or anyone acting in privity with Lawson;

D.     The Court award Lawson its costs in this action;

E.     The Court award Lawson its attorneys' fees pursuant to 35 U.S.C. § 285; and

F.     The Court award Lawson any other and further relief as the Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Lawson hereby demands a jury trial in this action.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Robert J. Crawford
Crawford Maunu PLLC
Intellectual Property Attorneys
1150 Northland Drive, Suite 100
Saint Paul, MN  55120
Tel:  (651) 686-6633
bcrawford@ip-firm.com

Kenneth R. Bretbeil
McFall, Bretibeil & Schults, P.C.
1250 Four Houston Center
1331 Lamar Street
Houston, TX  77010
Tel: (713) 590-9330
kbreitbeil@mcfall-law.com

Dated:  June 6, 2011
1015516 / 36300

By: _____
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
Tel:  (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Lawson Software, Inc. and
Lawson Software Americas, Inc.*